# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HAIGHTS CROSS COMMUNICATIONS, INC., | ) | Case No. 10- |
| a Delaware corporation, | ) | |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 13-4087398 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| | ) | |
| HAIGHTS CROSS OPERATING COMPANY, | ) | Case No. 10- |
| a Delaware corporation, | ) | |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 13-4087416 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| | ) | |
| TRIUMPH LEARNING, LLC, | ) | Case No. 10- |
| a Delaware limited liability company, | ) | |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 13-4087400 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| | ) | |
| RECORDED BOOKS, LLC, | ) | Case No. 10- |
| a Delaware limited liability company, | ) | |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 13-4077163 | ) | |

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SNEP, LLC (f/k/a SUNDANCE/NEWBRIDGE ) | Case No. 10- |
| EDUCATIONAL PUBLISHING, LLC), ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Debtor. ) | |
| Tax I.D. No. 13-4011159 ) | |
| ) | |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CASES

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Haights") file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), directing joint administration of their related chapter 11 cases (the "Chapter 11 Cases"). In support of this Motion, the Debtors rely on the *Declaration of Paul J. Crecca in Support of Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "Crecca Declaration") filed contemporaneously with this Motion, and respectfully state as follows:

### Jurisdiction

1. On the date hereof (the "Petition Date"), the Debtors commenced their respective bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). No creditors' committee has yet been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware. The Debtors are continuing in possession of their respective properties and are operating their respective businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2

RLF1 3445210v.6

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief sought herein are Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Background**

4. The Debtors are leading developers and publishers of products for the Kindergarten through Grade 12 education and public library markets. Their products include state-specific test preparation materials, skills assessment and intervention books and unabridged audiobooks, and are sold primarily to schools and public libraries. The corporate history and organizational structure of the Debtors are set forth in detail in paragraphs 15 - 20 of the Crecca Declaration, filed contemporaneously herewith.

5. The Debtors' capital structure includes long term funded debt consisting of principal (excluding accrued and unpaid or capitalized interest) in the amount of:

- $108,200,000 in aggregate amount of term loans drawn and outstanding under the Secured Credit Agreement;[1]

- $138,800,000 11 ¾% unsecured Senior Notes due 2011 issued by Haights Cross Operating Company; and

- $135,000,000 12 ½% unsecured Senior Discount Notes due 2011 issued by Haights Cross Communications.

6. The Secured Credit Agreement included financial covenants that projected certain levels of growth in the Debtors' businesses, based on information available as of August 2008, in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code.*

3

the Debtors' businesses. Subsequent to August 2008, the worldwide financial turmoil and associated economic downturn resulted in the curtailment, delay or reduction in federal, state and local government funding available to schools, public libraries and other purchasers of the Debtors' products. Despite the Debtors' adoption of aggressive costs savings initiatives to mitigate decreases in revenue, the Debtors inability to assure compliance with these covenants throughout 2009 caused the Debtors' certified public accountants to issue the Debtors a "going concern" opinion in the Spring of 2009. The receipt of this qualified opinion constituted a default under the Secured Credit Agreement. The Debtors' subsequently entered into various forbearance agreements with their lenders, which among other things prohibited the Debtors from making any interest payments on the Senior Notes and Senior Discount Notes while the default remained under the Secured Credit Agreement. The failure to make interest payments on the Senior Notes and Senior Discount Notes in August 2009 constituted a default under each of the respective indentures. Ultimately, the Debtors were unable to reach an out-of-court agreement to alleviate the defaults under the Secured Credit Agreement, Senior Notes and Senior Discount Notes.

7. The *Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Plan"), as proposed, would restructure and reduce the Debtors' outstanding indebtedness from over $380,000,000 to approximately $180,000,000 of new secured term debt and extend the maturity of the debt until no earlier than three years from the effectiveness of the Plan. It is intended to substantially reduce the Debtors' outstanding indebtedness and improve cash flows, including cash flows available for investing in the Debtors' product offerings.

8. On September 3, 2009, the Debtors and parties holding or controlling 100% of the outstanding principal amount under the Secured Credit Agreement, approximately 80% of the

4

outstanding principal amount of the Senior Notes and approximately 13% of the outstanding principal amount of the Senior Discount Notes (collectively, the "Plan Support Parties") entered into a plan support agreement, which, subject to certain conditions, required, among other things, the Debtors to effectuate, and the Plan Support Parties to support, the Plan.[2]

9. The Debtors believe that the Plan reflects an appropriate resolution of all claims against and equity interests in the Debtors that is in the best interests of the Debtors and their estates, taking into account both the valuation of the Debtors and the differing nature and priorities of such claims and interests. Upon emergence, the Debtors are anticipated to have a stronger balance sheet and be in a superior competitive position than before, which will redound to the benefit of the Debtors, their employees, customers, vendors and other parties in interest.

10. To achieve an efficient and beneficial financial restructuring, the Debtors conducted a pre-filing solicitation of their Plan, which was then overwhelmingly accepted by the creditors entitled to vote on the Plan. Only three classes of claims and one class of interests are impaired under the Plan: (i) Class 2 – Secured Credit Agreement Claims, (ii) Class 4 – Senior Note Claims, (iii) Class 5 – Senior Discount Note Claims and (iv) Class 9 – Prepetition Holdings Equity Interests. The only classes that were entitled to vote on the Plan were (i) Class 2 – Secured Credit Agreement Claims, (ii) Class 4 – Senior Note Claims and (iii) Class 5 – Senior Discount Note Claims. Holders of interests in Class 9 – Prepetition Holdings Equity Interests are not receiving any distributions or retaining any interests under the Plan and, therefore, are deemed to have rejected the Plan and were not entitled to vote thereon.[3]

11. The Debtors engaged Globic Advisors, Inc. (the "Voting Agent") to act as their voting and solicitation agent for purposes of distributing the Disclosure Statement and Ballots

---

[2] A redacted copy of the *Plan Support Agreement* is attached as **Exhibit B** to the Disclosure Statement.

[3] All descriptions of the Plan are qualified in their entirety by the actual filed Plan, which governs in the event of any inconsistency.

and calculating and tabulating votes on the Plan. On or about December 4, 2009, the Debtors caused the Voting Agent to commence the distribution of copies of the Disclosure Statement, the Plan and Ballots to each person or entity (or their nominee) that was a beneficial holder of a Secured Credit Agreement Claim, a Senior Note Claim or a Senior Discount Note Claim as of December 4, 2009, the voting record date. The Debtors established January 4, 2010 as the deadline by which completed Ballots had to be received by the Voting Agent.

12. As of the voting deadline, all or a vast majority of the creditors in each of the three classes entitled to vote on the Plan voted to accept the Plan. Accordingly, the Debtors submit that the requirements set forth in the Bankruptcy Code with respect to the solicitation of votes to accept a plan have been satisfied.

13. On the Petition Date, the Debtors filed with this Court the Disclosure Statement and the Plan, together with the certified results of the pre-bankruptcy solicitation as set forth in the voting affidavit submitted by the Voting Agent. By separate motion filed on the Petition Date, the Debtors will request that this Court set a date for a hearing to approve the Disclosure Statement and the prepetition solicitation procedures and to confirm the Plan.

**Relief Requested**

14. By this Motion, the Debtors seek entry of an order directing joint administration of these Chapter 11 Cases for procedural purposes only. The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases and that these Chapter 11 Cases be administered under a consolidated caption, as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HAIGHTS CROSS COMMUNICATIONS, | ) | Case No. 10-____ |
| INC., et al.,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

15. The Debtors also request that an entry be made on the docket of each of the Debtors' Chapter 11 Cases, other than the case set forth in the proposed caption above, that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of Haights Cross Communications, Inc., Triumph Learning, LLC, Haights Cross Operating Company, Recorded Books, LLC and SNEP, LLC (f/k/a Sundance/Newbridge Educational Publishing, LLC). All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 10-_____.

## Basis for Relief

A. <u>Joint Administration Is Appropriate Under the Circumstances</u>.

16. As set forth in the Crecca Declaration, the five Debtors in these Chapter 11 Cases are Haights Cross Communications, Inc., Triumph Learning, LLC, Haights Cross Operating Company, Recorded Books, LLC and SNEP, LLC (f/k/a Sundance/Newbridge Educational Publishing, LLC), each of which is an "affiliate" of the others, as that term is defined in section 101(2) of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Haights Cross Communications, Inc. (7398), Haights Cross Operating Company (7416), Triumph Learning, LLC (7400), Recorded Books, LLC (7163), and SNEP, LLC (f/k/a Sundance/Newbridge Educational Publishing, LLC) (1159). The address for each of the Debtors solely for purposes of notices and communications is 10 New King Street, Suite 102, White Plains, NY 10604.

17. Given the integrated nature of the Debtors' operations, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in these Chapter 11 Cases will affect each and every Debtor. The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Court, the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these Chapter 11 Cases with greater ease.

18. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the estates. Parties in interest will not be harmed by the relief requested but, instead, will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.

B. The Bankruptcy Rules Authorize Joint Administration.

19. Rule 1015(b) of the Bankruptcy Rules provides, in pertinent part, that "(i)f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

20. In addition, Rule 1015-1 of the Local Rules provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes

8

only and shall not cause a "substantive" consolidation of the respective debtors' estates.

21. The entry of a joint administration order in multiple related cases is common and generally non-controversial in this district. See, e.g., In re Panolam Holdings Co., No. 09-13889 (MFW) (Bankr. D. Del. Nov. 5, 2009); In re NTK Holdings, Inc., No. 09-13611 (KJC) (Bankr. D. Del. Oct. 23, 2009); In re CommerceConnect Media Holdings, Inc., No. 09-12765 (BLS) (Bankr. D. Del. Aug. 4, 2009); In re Cynergy Data, LLC, No. 09-13038 (KG) (Bankr. D. Del. Sept. 2, 2009); In re Masonite Corporation, et al., No. 09-10844 (PJW) (Bankr. D. Del. Mar. 17, 2009); In re Vertis Holdings, Inc., Case No. 08-11460 (CSS) (Bankr. D. Del. July 16, 2008).

22. As set forth above and in the Crecca Declaration, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

### Notice

23. The Debtors shall provide notice of this Motion by facsimile and/or overnight mail to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (iii) counsel to the Prepetition Agent; (iv) counsel to the Debtors' prepetition secured lenders; (v) other secured parties of record; (vi) the Department of Justice; and (vii) the Internal Revenue Service. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Rule 9013-1(m) of the Local Rules. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

### No Prior Request

24. No prior motion for the relief requested herein has been made to this or any other court.

9

WHEREFORE, for the reasons set forth herein and in the Crecca Declaration, the Debtors respectfully request that the Court enter the Order (i) authorizing the joint administration of these Chapter 11 Cases and (ii) granting such other and further relief as is just and proper.

Dated: January 11, 2010  
       Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher M. Samis*

Daniel J. DeFranceschi (Bar No. 2732)  
Paul N. Heath (Bar No. 3704)  
Christopher M. Samis (Bar No. 4909)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701

*Proposed Counsel for the*  
*Debtors and Debtors in Possession*

# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HAIGHTS CROSS COMMUNICATIONS, INC., | ) | Case No. 10- |
| a Delaware corporation, | ) | |
| | ) | |
|                            Debtor. | ) | |
| Tax I.D. No. 13-4087398 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HAIGHTS CROSS OPERATING COMPANY, | ) | Case No. 10- |
| a Delaware corporation, | ) | |
| | ) | |
|                            Debtor. | ) | |
| Tax I.D. No. 13-4087416 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TRIUMPH LEARNING, LLC, | ) | Case No. 10- |
| a Delaware limited liability company, | ) | |
| | ) | |
|                            Debtor. | ) | |
| Tax I.D. No. 13-4087400 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RECORDED BOOKS, LLC, | ) | Case No. 10- |
| a Delaware limited liability company, | ) | |
| | ) | |
|                            Debtor. | ) | |
| Tax I.D. No. 13-4077163 | ) | |

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| SNEP, LLC (f/k/a SUNDANCE/NEWBRIDGE EDUCATIONAL PUBLISHING, LLC), a Delaware limited liability company, | ) ) ) ) | Case No. 10- |
| | ) | |
| Debtor. | ) | |
| Tax I.D. No. 13-4011159 | ) ) | |

## ORDER DIRECTING
## JOINT ADMINISTRATION OF CASES

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Haights") for entry of an order (this "Order"), directing joint administration of their related chapter 11 cases; and upon the Crecca Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and due and proper notice of this Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 10-_____.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Motion.

2

3.  The consolidated caption of the jointly administered cases should read as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HAIGHTS CROSS COMMUNICATIONS, INC., et al.,[1] | ) Case No. 10- |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

4.  An entry shall be made on the docket of each of the Debtors' cases, other than that of Haights Cross Communications, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of Haights Cross Communications, Inc., Triumph Learning, LLC, Haights Cross Operating Company, Recorded Books, LLC and SNEP, LLC (f/k/a Sundance/Newbridge Educational Publishing, LLC). All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 10-_____.

5.  One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the United States Bankruptcy Court for the District of Delaware or its designee, as may be approved by the Court.

6.  Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of the Debtors' Chapter 11 Cases.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Haights Cross Communications, Inc. (7398), Haights Cross Operating Company (7416), Triumph Learning, LLC (7400), Recorded Books, LLC (7163), and SNEP, LLC (f/k/a Sundance/Newbridge Educational Publishing, LLC) (1159). The address for each of the Debtors solely for purposes of notices and communications is 10 New King Street, Suite 102, White Plains, NY 10604.

3

RLF1 3445210v.6

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
       Wilmington, Delaware

                                                       UNITED STATES BANKRUPTCY JUDGE