## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| HAIGHTS CROSS COMMUNICATIONS, INC., et al., | Case No. 10- |
| Debtors.[1] | Joint Administration Pending |

### MOTION OF THE DEBTORS FOR AN ORDER (I) SCHEDULING A COMBINED HEARING TO CONSIDER (A) APPROVAL OF THE DISCLOSURE STATEMENT, (B) APPROVAL OF SOLICITATION PROCEDURES AND FORMS OF BALLOTS, AND (C) CONFIRMATION OF THE PLAN; (II) ESTABLISHING AN OBJECTION DEADLINE TO OBJECT TO THE DISCLOSURE STATEMENT AND THE PLAN; (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Haights") hereby submit this motion (the "Motion") for an order (the "Scheduling Order") (I) scheduling a combined hearing to consider (a) approval of the *Disclosure Statement, Dated December 4, 2009, Solicitation of Votes with Respect to the Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of: Haights Cross Communications, Inc. and Each of its Wholly Owned Direct and Indirect U.S. Subsidiaries Haights Cross Operating Company, Recorded Books, LLC, Triumph Learning, LLC and SNEP, LLC from Lenders and Holders of: Credit Agreement Dated as of August 15, 2008, 11 5/4% Senior Notes Due 2011, 12 ½% Senior Discount Notes Due 2011* (the "Disclosure Statement"); (b) approval of the solicitation of votes, voting procedures, and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Haights Cross Communications, Inc. (7398), Haights Cross Operating Company (7416), Triumph Learning, LLC (7400), Recorded Books, LLC (7163) and SNEP, LLC (f/k/a Sundance/Newbridge Educational Publishing, LLC) (1159). The address for each of the Debtors solely for purposes of notices and communications is 10 New King Street, Suite 102, White Plains, NY 10604.

forms of the Ballots (defined below); and (c) confirmation of the *Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Plan"); (II) establishing an objection deadline to object to the adequacy of the Disclosure Statement or confirmation of the Plan; (III) approving the form and manner of notice thereof; and (IV) granting related relief (the "Motion"). In support of the Motion, the Debtors submit the *Declaration of Paul J. Crecca in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "Crecca Declaration") filed contemporaneously herewith, and respectfully represent as follows:

## Jurisdiction

1.      On the date hereof (the "Petition Date"), the Debtors commenced their respective bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). No creditors' committee has yet been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware. The Debtors are continuing in possession of their respective properties and are operating their respective businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Background

3.      The Debtors are leading developers and publishers of products for the Kindergarten through Grade 12 education and public library markets. Their products include

2

state-specific test preparation materials, skills assessment and intervention books and unabridged audiobooks, and are sold primarily to schools and public libraries. The corporate history and organizational structure of the Debtors are set forth in detail in paragraphs 15 - 20 of the Crecca Declaration, filed contemporaneously herewith.

4. The Debtors' capital structure includes long term funded debt consisting of principal (excluding accrued and unpaid or capitalized interest) in the amount of:

- $108,200,000 in aggregate amount of term loans drawn and outstanding under the Secured Credit Agreement;[2]

- $138,800,000 11 ¾% unsecured Senior Notes due 2011 issued by Haights Cross Operating Company; and

- $135,000,000 12 ½% unsecured Senior Discount Notes due 2011 issued by Haights Cross Communications.

5. The Secured Credit Agreement included financial covenants that projected certain levels of growth in the Debtors' businesses, based on information available as of August 2008, in the Debtors' businesses. Subsequent to August 2008, the worldwide financial turmoil and associated economic downturn resulted in the curtailment, delay or reduction in federal, state and local government funding available to schools, public libraries and other purchasers of the Debtors' products. Despite the Debtors' adoption of aggressive costs savings initiatives to mitigate decreases in revenue, the Debtors inability to assure compliance with these covenants throughout 2009 caused the Debtors' certified public accountants to issue the Debtors a "going concern" opinion in the Spring of 2009. The receipt of this qualified opinion constituted a default under the Secured Credit Agreement. The

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code.

Debtors' subsequently entered into various forbearance agreements with their lenders, which among other things prohibited the Debtors from making any interest payments on the Senior Notes and Senior Discount Notes while the default remained under the Secured Credit Agreement. The failure to make interest payments on the Senior Notes and Senior Discount Notes in August 2009 constituted a default under each of the respective indentures. Ultimately, the Debtors were unable to reach an out-of-court agreement to alleviate the defaults under the Secured Credit Agreement, Senior Notes and Senior Discount Notes.

6.    The Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), as proposed, would restructure and reduce the Debtors' outstanding indebtedness from over $380,000,000 to approximately $180,000,000 of new secured term debt and extend the maturity of the debt until no earlier than three years from the effectiveness of the Plan. It is intended to substantially reduce the Debtors' outstanding indebtedness and improve cash flows, including cash flows available for investing in the Debtors' product offerings.

7.    On September 3, 2009, the Debtors and parties holding or controlling 100% of the outstanding principal amount under the Secured Credit Agreement, approximately 80% of the outstanding principal amount of the Senior Notes and approximately 13% of the outstanding principal amount of the Senior Discount Notes (collectively, the "Plan Support Parties") entered into a plan support agreement, which, subject to certain conditions, required, among other things, the Debtors to effectuate, and the Plan Support Parties to support, the Plan.[3]

---

[3] A redacted copy of the *Plan Support Agreement* is attached as **Exhibit B** to the Disclosure Statement.

4

8.     The Debtors believe that the Plan reflects an appropriate resolution of all claims against and equity interests in the Debtors that is in the best interests of the Debtors and their estates, taking into account both the valuation of the Debtors and the differing nature and priorities of such claims and interests.  Upon emergence, the Debtors are anticipated to have a stronger balance sheet and be in a superior competitive position than before, which will redound to the benefit of the Debtors, their employees, customers, vendors and other parties in interest.

9.     To achieve an efficient and beneficial financial restructuring, the Debtors conducted a pre-filing solicitation of their Plan, which was then overwhelmingly accepted by the creditors entitled to vote on the Plan.  Only three classes of claims and one class of interests are impaired under the Plan: (i) Class 2 – Secured Credit Agreement Claims, (ii) Class 4 – Senior Note Claims, (iii) Class 5 – Senior Discount Note Claims and (iv) Class 9 – Prepetition Holdings Equity Interests.  The only classes that were entitled to vote on the Plan were (i) Class 2 – Secured Credit Agreement Claims, (ii) Class 4 – Senior Note Claims and (iii) Class 5 – Senior Discount Note Claims.  Holders of interests in Class 9 – Prepetition Holdings Equity Interests are not receiving any distributions or retaining any interests under the Plan and, therefore, are deemed to have rejected the Plan and were not entitled to vote thereon.[4]

10.    The Debtors engaged Globic Advisors, Inc. (the "Voting Agent") to act as their voting and solicitation agent for purposes of distributing the Disclosure Statement and Ballots and calculating and tabulating votes on the Plan.  On or about December 4, 2009, the Debtors caused the Voting Agent to commence the distribution of copies of the Disclosure

---

[4] All descriptions of the Plan are qualified in their entirety by the actual filed Plan, which governs in the event of any inconsistency.

5

Statement, the Plan and Ballots to each person or entity (or their nominee) that was a beneficial holder of a Secured Credit Agreement Claim, a Senior Note Claim or a Senior Discount Note Claim as of December 4, 2009, the voting record date. The Debtors established January 4, 2010 as the deadline by which completed Ballots had to be received by the Voting Agent.

11. As of the voting deadline, all or a vast majority of the creditors in each of the three classes entitled to vote on the Plan voted to accept the Plan. Accordingly, the Debtors submit that the requirements set forth in the Bankruptcy Code with respect to the solicitation of votes to accept a plan have been satisfied.

12. On the Petition Date, the Debtors filed with this Court the Disclosure Statement and the Plan, together with the certified results of the pre-bankruptcy solicitation as set forth in the voting affidavit submitted by the Voting Agent. By separate motion filed on the Petition Date, the Debtors will request that this Court set a date for a hearing to approve the Disclosure Statement and the prepetition solicitation procedures and to confirm the Plan.

### Relief Requested

13. By this Motion, the Debtors seek entry of the Scheduling Order substantially in the form attached hereto as **Exhibit A** (I) scheduling a combined hearing (the "Combined Hearing") to consider (a) approval of the Disclosure Statement; (b) approval of the Solicitation Procedures (defined below) employed to solicit votes to accept or reject the Plan pursuant to Bankruptcy Rules 3017(a) and the forms of Ballots (defined below); and (c) the confirmation of the Plan pursuant to section 1128 of the Bankruptcy Code and Rule 3017(c) of the Bankruptcy Rules; (II) establishing an objection deadline to object to the adequacy of the Disclosure Statement or confirmation of the Plan; (III) authorizing and approving the form and manner of notice of the Combined Hearing; and (IV) granting related relief.

6

14.     Below is a table highlighting the dates relevant to the Solicitation Procedures and setting forth the Debtors' proposed dates for the mailing of the Summary and Notice (as defined below), the Combined Hearing, and the Objection Deadline:

| Proposed Timetable | |
|---|---|
| Commencement of Solicitation | December 4, 2009 |
| Voting Deadline | January 4, 2010 |
| Commencement Date | January 11, 2010 |
| Mailing of Summary and Notice | January 12, 2010 |
| Objection Deadline | February 9, 2010 |
| Reply Date (if any) | February 16, 2010 |
| Combined Hearing | February 23, 2010 |

## Basis for Relief

### A.     Scheduling a Combined Hearing

15.     Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least twenty-five (28) days' notice ... to consider the disclosure statement and any objections or modifications thereto."  Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."  In addition, Bankruptcy Rules 3017(c) provides that "on or before approval of the disclosure statement, the court ... may fix a date for the hearing on confirmation."  Section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that the Court may combine the hearing on approval of the disclosure statement with the hearing on confirmation of the plan.

16.     The most sensitive and difficult task required to effectuate a successful reorganization – the negotiation of consensual agreements with critical creditor constituencies – has already been accomplished in advance of the Petition Date.  As set forth above and in greater detail in the Affidavit of Service and Vote Certification of Globlic Advisors (the "Globic Affidavit"), dated January 7, 2010, the Debtors solicited votes on the Plan from all

7

classes of holders of claims entitled to vote to accept or reject the Plan. See Globlic Affidavit, pp 2-4. The votes tabulated and received from these classes are sufficient to confirm the Plan. The most critical and complex task required to effectuate a successful reorganization – the negotiation and formulation of a chapter 11 plan of reorganization – has already been accomplished. Thus, the Debtors respectfully submit that there is no reason to delay consideration of the adequacy of the Disclosure Statement and confirmation of the Plan. It is in the best interests of the Debtors' estates and creditors to proceed with the confirmation process as expeditiously as possible.

17. Accordingly, the Debtors respectfully request that the Court schedule the Combined Hearing to be held as soon as practicable but on not less than twenty-eight (28) days' notice. The Debtors respectfully request the Court schedule the Combined Hearing for February 23, 2010. The proposed schedule is in the interests of all parties in interest in the Debtors' reorganization cases. The relief sought herein is necessary to the efficient prosecution of these Chapter 11 Cases and will assist in the expeditious confirmation of the Plan while providing adequate notice to, and protecting the rights of, creditors. In addition to the reasons set forth above, it is appropriate that a scheduling order be entered at this time so that creditors may be informed as promptly as possible of the anticipated scheduling of events preceding confirmation of the Plan that they have voted to accept. The proposed schedule affords creditors and all other parties in interest ample notice of the proceedings. Insofar as the solicitation period was completed prior to the Commencement Date, and the proposed schedule affords an additional twenty-eight (28) days in which parties may evaluate the Plan prior to the proposed Combined Hearing thereon, no party in interest will be prejudiced by the relief

8

requested hereby. Such relief allows for more than ample time for parties to evaluate the Disclosure Statement and Plan prior to the Combined Hearing.

**B.      Approval of Solicitation Procedures and Forms of Ballots**

18.      The Debtors request that at the Combined Hearing the Court consider approval of the solicitation, balloting, tabulation and related activities undertaken in connection with the Plan, all of which were undertaken and substantially completed prior to the Petition Date (collectively, the "Solicitation Procedures").

### (i)      Classes Presumed to Accept the Plan and Classes Deemed to Reject the Plan

19.      Because the Holders in Class 1 – Other Priority Claims, Class 3 - Other Secured Claims, Class 6 - General Unsecured Claims, Class 7 - Intercompany Claims, and Class 8 - Surviving Equity Interests are unimpaired by the Plan, the Holders of claims or equity interests in each of these classes are conclusively presumed to have accepted the Plan and are not entitled to vote to accept or reject the Plan. The Debtors submit that the Bankruptcy Code does not require the solicitation of votes from such Holders. Specifically, section 1126(f) of the Bankruptcy Code provides:

> Notwithstanding any other provision of this section, a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required.

Accordingly, pursuant to section 1126(f) of the Bankruptcy Code, the Holders of claims or equity interests in each of these unimpaired classes are conclusively presumed to accept the Plan and have not been solicited.

9

20.     Similarly, because Holders in Class 9 - Prepetition Holdings Equity Interests are not entitled to any distribution or to retain any property pursuant to the Plan, such Holders are presumed to have rejected the Plan and are not entitled to vote to accept or reject the Plan. The Debtors submit that the Bankruptcy Code does not require the solicitation of votes from such Holders. Specifically, section 1126(g) of the Bankruptcy Code provides:

> Notwithstanding any other provision of this section, a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests.

Accordingly, pursuant to section 1126(g) of the Bankruptcy Code, the Holders of claims or equity interests in the impaired class mentioned above are conclusively deemed to reject the Plan and have not been solicited.

21.     The Debtors submit that, with respect to the specific classes of claims against and equity interests in the Debtors that were presumed to accept or deemed to reject the Plan, the Solicitation Procedures undertaken by the Debtors and described herein comply with the Bankruptcy Code and should be approved. The Debtors respectfully request that the Court consider approval of the Solicitation Procedures with respect to these classes at the Combined Hearing.

**(ii)     Solicitation of Classes Entitled to Vote to Accept or Reject the Plan**

22.     Section 1126(b) of the Bankruptcy Code expressly permits a debtor to solicit votes from a holder of a claim or interest without an approved disclosure statement when there is not any nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation, if such holder was solicited prior to the commencement of the bankruptcy case and such acceptance or rejection was solicited after disclosure to such holder

10

of adequate information, as defined in section 1125(a) of the Bankruptcy Code. Further Bankruptcy Rule 3018(b) provides, in relevant part, as follows:

> A holder of a claim or interest who has accepted or rejected a plan before the commencement of a case under the Code shall not be deemed to have accepted or rejected the plan if the court finds after notice and a hearing that the plan was not transmitted to substantially all creditors and equity security holders of the same class, that an unreasonably short time was prescribed for such creditors and equity security holders to accept or reject the plan, or that the solicitation was not in compliance with § 1126(b) of the Code.

23.     On or about December 4, 2009 the Disclosure Statement, the Plan, and one or more of the forms of ballots (the "Ballots") were mailed to all Holders of impaired claims entitled to vote on the Plan, including Holders of claims in Class 2 - Secured Credit Agreement Claims, Class 4 - Senior Note Claims, and Class 5 - Senior Discount Notes Claims. The Debtors established December 4, 2009 as the record date (the "Record Date") for determining which creditors were entitled to vote on the Plan. The voting period ended at 11:59 p.m. Eastern Time on January 4, 2010 (the "Voting Deadline").

24.     Bankruptcy Rule 3017(d) requires a form of ballot substantially conforming to Official Form No. 14. The Ballots are based on Official Form No. 14, but were modified to address the particular aspects of these Chapter 11 Cases and to be relevant and appropriate for each class of impaired claims entitled to vote on the Plan. With respect to Class Class 4 - Senior Note Claims and Class 5 - Senior Discount Notes Claims the Debtors distributed two forms of Ballots to each class entitled to vote to accept or reject the Plan, (i) a form of Ballot for a beneficial owner holding existing notes through a nominee or as record holder in its own name (the "Beneficial Owner Ballot") and (ii) a form of ballot for a nominee that is the registered holder of existing notes or term loans (or agent thereof) to transmit the

11

votes of one or more beneficial owners (the "Master Ballot"). With respect to Class 2 – Secured Credit Agreement Claims, the Debtors distributed Master Ballots. To be counted as votes to accept or reject the Plan, the Ballots stated that all Ballots must be properly executed, completed and delivered to the Voting Agent so that they were received no later than the Voting Deadline; *provided, however*, that beneficial holders of notes who received a Beneficial Owner Ballot from a bank or brokerage firm (or its agent) were advised to return the Beneficial Owner Ballot to such intermediary firm (or its agent) in ample time to allow such intermediary to complete and return the Master Ballot to the Voting Agent prior to the Voting Deadline. In addition, each of the Ballots was specifically designed to conform to the Plan.

25. The restructuring proposed in the Plan reflects a consensus among the Debtors, the Informal Committee of Senior Notes, which held or controlled 100% of the outstanding principal amount under the Secured Credit Agreement, Holders of approximately 80% of the outstanding principal amount of the Senior Notes and Holders of approximately 13% of the outstanding principal amount of the Senior Discount Notes. Given these circumstances and the fact that the Voting Deadline was thirty-one (31) days after the commencement of solicitation, the Debtors believe that the solicitation period was a sufficient period within which such claimants could make an informed decision to accept or reject the Plan. This is further supported by the fact that, of those Holders who voted, 100% in dollar amount and 100% in number of Holders of the Class 2 - Secured Credit Agreement Claims voted to accept the Plan, 100% in dollar amount and 100% in number of Holders of Class 4 – Senior Notes voted to accept the Plan, and 90% in dollar amount and 90% in number of Holders of Class 5 - Senior Discount Notes voted to accept the Plan. See Globic Affidavit, **Exhibit 5**.

12

26.     The Debtors respectfully submit that:  (i) the Disclosure Statement and the Solicitation Procedures instituted in connection therewith, including the form of Ballots, are in full compliance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules as well as any applicable nonbankruptcy laws, rules, or regulations governing the adequacy of disclosure in connection with such solicitation; (ii) the Disclosure Statement contains adequate information to permit holders of impaired claims against the Debtors to make an informed judgment about the Plan pursuant to sections 1125(a) and 1126(b)(2) of the Bankruptcy Code; and (iii) the Debtors' Solicitation Procedures complied with all the requirements of Bankruptcy Rule 3018.  Accordingly, at the Combined Hearing, the Debtors will respectfully request that this Court enter an order (i) finding that the information contained in the Disclosure Statement is "adequate information" as such term is defined in section 1125(a) of the Bankruptcy Code, (ii) approving the Solicitation Procedures and form of Ballots, and (iii) granting such other and further relief as the Court may deem just and proper.

**C.     Deadline and Procedures for Objections to the Disclosure Statement and the  Plan**

27.     Bankruptcy Rule 3020(b)(1) authorizes the Court to fix a time for filing objections to a plan of reorganization, whereas Bankruptcy Rule 3017(a) authorizes the Court to fix a time for filing objections to the adequacy of a disclosure statement.  Further, Bankruptcy Rule 2002(b) requires at least twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections to approval of a disclosure statement and confirmation of a plan of reorganization.

28.     The Debtors respectfully request that the Court set a date that is at least twenty-eight (28) calendar days after the mailing of the Summary and Notice (as defined below) as the last date to file objections to approval of the Disclosure Statement or confirmation

13

of the Plan (the "Objection Deadline"). This date will provide creditors and holders of equity interests twenty-eight (28) days' notice of the deadline for filing objections to the Disclosure Statement and the Plan, while still affording the Debtors and other parties in interest time to file a responsive brief and, if possible, resolve any objections received. The Debtors also request that the Court set any reply deadline at least five (5) business days after the objection deadline.

29.     The Debtors further request that the Court direct that any objections to the Disclosure Statement and/or Plan be in writing, filed with the Clerk of the United States Bankruptcy for the District of Delaware together with proof of service thereof, set forth the name of the objector, and the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors, and state the legal and factual basis for such objection. Any such objections should be served upon the following so as to be received no later than 4:00 p.m. prevailing Eastern time on February 9, 2010: the attorneys for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq.); special counsel for the Debtors, Brown Rudnick LLP, One Financial Center, Boston, MA 02111 (Attn: Steven D. Pohl, Esq.) and Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Tally M. Wiener, Esq.); the attorneys for the Informal Committee of Senior Notes, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Attn: Andrew V. Tenzer, Esq. and Michael H. Torkin, Esq.) and Young Conaway Stargatt & Taylor, LLP, 1000 West Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan, Esq.); the attorneys for certain Holders of Senior Discount Notes, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Cristopher Greer, Esq.); the attorneys for the Prepetition Agent, McGuire, Craddock & Strother, P.C., 2501 N. Harwood Street, Suite 1800, Dallas, TX 75201 (Attn:

14

Jonathan Thalheimer, Esq.); the office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: David Klauder, Esq.); and such other parties as the Bankruptcy Court may order.

**D.     Form and Manner of Notice of the Combined Hearing and the Commencement of These Chapter 11 Cases**

30.     The Debtors propose to serve a notice and summary of the Plan (the "Summary and Notice"), substantially in the form annexed as **Exhibit 1** to the Scheduling Order, by first-class mail or deposit with a reputable overnight delivery service on or before January 12, 2010 upon all parties in interest.[5] The Summary and Notice contains, *inter alia*: (i) the date, time, and place of the Combined Hearing; (ii) instructions for obtaining copies of the Disclosure Statement and Plan; (iii) the Objection Deadline and the procedures for filing objections to the Disclosure Statement and the confirmation of the Plan; and (iv) notice of commencement of these chapter 11 cases.

31.     In addition, Bankruptcy Rule 2002(l) permits a court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement

---

[5]   The Debtors propose to send the Summary and Notice to holders of the Senior Notes and Senior Discount Notes as reflected in the records maintained by the Debtors' transfer agent(s) as of the close of business on the Record Date.  The Debtors realize, however, that the records maintained by such transfer agent(s) or trustee(s) reflect the brokers, dealers, commercial banks, trust companies, or other nominees (collectively, "Nominees") through which the beneficial owners hold the various securities.  Accordingly, the Debtors request that the Court authorize:

> (i)      the Debtors to provide the Nominees with sufficient copies of the Summary and Notice to forward to the beneficial holders; and

> (ii)     the Nominees to forward the Summary and Notice or copies thereof to the beneficial holders within five (5) business days of the receipt by such Nominee of the Summary and Notice.

To the extent the Nominees incur out-of-pocket expenses in connection with distribution of the Summary and Notice, the Debtors request authority to reimburse such entities for their reasonable and customary expenses incurred in this regard.

RLF1 3525253v.1

the notice." The Debtors request that this Court authorize the Debtors, in their discretion, to give supplemental publication notice of the Combined Hearing on a date no less than twenty-eight (28) days prior to the Combined Hearing. The proposed notice schedule, as described above, affords parties in interest ample notice of these proceedings.

32.     The Debtors request that the Court determine that they are not required to distribute copies of the Plan or the Disclosure Statement to any holder of a claim against or equity interest in the Debtors within a class under the Plan that is deemed to accept or is deemed to reject the Plan, unless such party makes a specific request in writing for the same. Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

The Debtors request that the Court apply the same rationale to classes that are deemed to reject the Plan and waive the requirement that the Debtors send a copy of the Plan and Disclosure Statement to members of these classes. In lieu of furnishing each such holder of a claim against or equity interest in the Debtors that is either deemed to accept or is deemed to reject the Plan with a copy of the Plan and the Disclosure Statement, the Debtors propose to send to such parties the Summary and Notice, which sets forth the manner in which a copy of the Plan and the Disclosure Statement may be obtained. Accordingly, The Debtors submit that such notice satisfies the requirements of Bankruptcy Rule 3017(d).

RLF1 3525253v.1

**E.      Related Relief**

33.      Section 341(a) of the Bankruptcy Code requires the United States Trustee to convene and preside at a meeting of creditors, and section 341(b) authorizes the United States Trustee to convene a meeting of equity security holders. However, section 341(e) of the Bankruptcy Code provides for the following exception:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States Trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

As noted above, the Debtors commenced solicitation prior to the Petition Date and obtained the requisite amount of acceptances of the Plan prior to the Commencement Date. As set forth above, the classes consisting of holders of claims materially affected by the Plan have already accepted the Plan in excess of the statutory thresholds specified in section 1126(c) of the Bankruptcy Code. The Plan contemplates an expeditious emergence from chapter 11 and the Debtors intend to proceed accordingly. The Debtors submit that cause exists for this Court to direct the United States Trustee not to convene a meeting of creditors or equity security holders unless the Plan is not confirmed within ninety (90) days after the Commencement Date.

**The Relief Requested is Appropriate**

34.      The requested relief is further supported by the prepackaged nature of these Chapter 11 Cases. As set forth above and in greater detail in the Crecca Declaration, the Debtors solicited votes on the Plan from Holders of claims in all classes entitled to vote to accept or reject the Plan. The votes tabulated and received from these classes demonstrate acceptance of the Plan. See Globlic Affidavit, **Exhibit 5**. The most critical and complex task

17

required to effectuate a successful reorganization – the negotiation and formulation of a chapter 11 plan of reorganization – has already been accomplished. Thus, the Debtors respectfully submit that given the backdrop of these Chapter 11 Cases, the relief requested herein is appropriate inasmuch as such relief will assist the Debtors to move towards expeditious confirmation of the widely-supported Plan with the least possible disruption or harm to their businesses. Moreover, the relief requested is supported by the Debtors' major creditor groups. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**Notice**

35.     The Debtors shall provide notice of this Motion by facsimile and/or overnight mail to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (iii) counsel to the Prepetition Agent; (iv) counsel to the Debtors' prepetition secured lenders; (v) other secured parties of record; (vi) the Department of Justice; and (vii) the Internal Revenue Service. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

RLF1 3525253v.1

## No Previous Request

36.     No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Scheduling Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  January 11, 2010
       Wilmington, Delaware

Respectfully submitted,

Daniel J. DeFranceschi (Bar No. 2732)
Paul N. Heath (Bar No. 3704)
Christopher M. Samis (Bar No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701

*Proposed Counsel for the*
*Debtors and Debtors in Possession*

**Exhibit A**

**Scheduling Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HAIGHTS CROSS COMMUNICATIONS, INC., et al., | ) Case No. 10- |
| | ) |
| | ) Joint Administration Pending |
| Debtors.[1] | ) |
| | ) |

**ORDER (I) SCHEDULING A COMBINED HEARING TO CONSIDER (A) APPROVAL OF THE DISCLOSURE STATEMENT, (B) APPROVAL OF SOLICITATION PROCEDURES AND FORM OF BALLOTS, AND (C) CONFIRMATION OF THE PLAN; (II) ESTABLISHING AN OBJECTION DEADLINE TO OBJECT TO THE DISCLOSURE STATEMENT AND THE PLAN; (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"), dated January 11, 2010, of Haights Cross Communications, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order (the "Scheduling Order") (I) scheduling a combined hearing to consider (a) approval of the Disclosure Statement[2]; (b) approval of the solicitation of votes, voting procedures, and form of Ballots; and (c) confirmation of the Plan; (II) establishing an objection deadline to object to the adequacy of the Disclosure Statement or confirmation of the Plan; (III) approving the form and manner of notice thereof; and (IV) granting related relief (the "Motion"), all as more fully described in the Motion; and upon consideration of the *Declaration of Paul J. Crecca in*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Haights Cross Communications, Inc. (7398), Haights Cross Operating Company (7416), Triumph Learning, LLC (7400), Recorded Books, LLC (7163) and SNEP, LLC (f/k/a Sundance/Newbridge Educational Publishing, LLC) (1159). The address for each of the Debtors solely for purposes of notices and communications is 10 New King Street, Suite 102, White Plains, NY 10604.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "Crecca

Declaration"); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper

notice of the Motion and hearing to consider the relief requested herein having been provided

to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors'

largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions;

(iii) counsel to the Prepetition Agent; (iv) counsel to the Prepetition Secured Lenders; (v) other

secured parties of record; (vi) the Department of Justice; and (vii) the Internal Revenue Service

(collectively, the "Notice Parties"); and no further notice being necessary; and the legal and

factual bases set forth in the Motion establishing just and sufficient cause to grant the relief

requested therein; and the relief granted herein being in the best interests of the Debtors, their

estates, creditors, and all parties in interest; and the Court having held the hearing with the

appearances of interested parties noted in the record of the hearing; and upon all of the

proceedings before the Court, the Court hereby ORDERS that:

1.      The Motion is granted to the extent set forth herein.

2.      A hearing to consider compliance with disclosure and solicitation

requirements and confirmation of the Debtors' Plan (the "Combined Hearing") is hereby

scheduled to be held before this Court on February _____, 2010 at ___:___ __. m. prevailing

Eastern time or as soon thereafter as counsel may be heard.

3.      Any objections to the Disclosure Statement and/or the Plan shall be in

writing, filed with the Clerk of the United States Bankruptcy Court for the District of Delaware

2

together with proof of service thereof, set forth the name of the objector, and the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors, state the legal and factual basis for such objection, and be served upon the following so as to be received no later than 4:00 p.m. prevailing Eastern time on _____ _____, 2010 at _____:00 ___.m.: the attorneys for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn:   Daniel J. DeFranceschi, Esq.); special counsel for the Debtors, Brown Rudnick LLP, One Financial Center, Boston, MA 02111 (Attn: Steven D. Pohl, Esq.) and Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn:  Tally M. Wiener, Esq.); the attorneys for the Informal Committee of Senior Notes, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Attn: Andrew V. Tenzer, Esq. and Michael H. Torkin, Esq.) and Young Conaway Stargatt & Taylor, LLP, 1000 West Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan, Esq.); the attorneys for certain Holders of Senior Discount Notes, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019  (Attn:  Cristopher Greer, Esq.); the attorneys for the Prepetition Agent, McGuire, Craddock & Strother, P.C., 2501 N. Harwood Street, Suite 1800, Dallas, TX 75201  (Attn: Jonathan Thalheimer, Esq.); the office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801  (Attn: David Klauder, Esq.); and such other parties as the Bankruptcy Court may order.  Any objections not timely filed and served in the manner set forth in this Order may, in the Court's discretion not be considered and may be overruled.

4.      Notice of the Combined Hearing as proposed in the Motion and the form of notice attached hereto as **Exhibit 1** shall be deemed good and sufficient notice of the Combined Hearing and no further notice need be given; <u>provided, however</u>, that any provision

of Bankruptcy Rule 3017(d) requiring the Debtors to distribute the Disclosure Statement and the Plan to parties not entitled to vote, whether because they are unimpaired or because they are deemed to reject the Plan, or any parties in interest other than as prescribed in this Order, shall be waived; provided further, however, the Disclosure Statement and Plan shall be remain posted in .PDF format to the following page on the World Wide Web (http://chapter11.epiqsystems.com/Haights) and shall be provided in either electronic or paper form to any parties in interest upon written request to the Debtors. The Debtors shall also serve a copy of the Summary and Notice on the Notice Parties.

5. Service of the Summary and Notice as set forth in the Motion and herein is sufficient notice of the commencement of these chapter 11 cases, the Combined Hearing, the Objection Deadline, and procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Plan.

6. The Debtors are authorized, pursuant to Bankruptcy Rule 2002(l), to give supplemental publication notice of the Combined Hearing by publication in a newspaper designated by the Debtors in their discretion and on a date no less than twenty-eight (28) days prior to the Combined Hearing.

7. The meeting pursuant to section 341(a) of the Bankruptcy Code shall not be convened and is hereby cancelled unless the Plan is not confirmed by this Court within ninety (90) days after the Commencement Date.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement and/or interpretation of this Order.

RLF1 3525256v.1

9.    The Debtors are authorized to take all actions necessary to effectuate the
relief granted pursuant to this Order in accordance with the Motion.

Dated: January ___, 2010
         Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Summary and Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| HAIGHTS CROSS COMMUNICATIONS, INC., <u>et al.</u>, | ) Case No. 10- |
|  | ) |
|  | ) (Joint Administration Requested) |
| Debtors.[1] | ) |
|  | ) |

**NOTICE OF COMMENCEMENT OF CASES**
**UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**-AND-**

**SUMMARY OF PLAN OF REORGANIZATION AND NOTICE OF**
**(i) HEARING TO CONSIDER (a) DEBTORS' COMPLIANCE WITH DISCLOSURE**
**REQUIREMENTS AND (b) CONFIRMATION OF PLAN OF REORGANIZATION**

**NOTICE IS HEREBY GIVEN** as follows:

1. On January 11, 2010 (the "<u>Commencement Date</u>"), Haights Cross Communications, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), commenced cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>").

2. On the Commencement Date the Debtors filed a prepackaged plan of reorganization (the "<u>Plan</u>") and a proposed disclosure statement (the "<u>Disclosure Statement</u>") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' counsel at the addresses specified below and are on file with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review between the hours of 8:00 a.m. – 4:00 p.m. prevailing Eastern Time. The Plan and the Disclosure Statement also are available for inspection on the Bankruptcy Court's internet site at www.deb.uscourts.gov and the internet site of the Debtors' noticing agent, Epiq Systems at http://chapter11.epiqsystems.com/Haights.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Haights Cross Communications, Inc. (7398), Haights Cross Operating Company (7416), Triumph Learning, LLC (7400), Recorded Books, LLC (7163) and SNEP, LLC (f/k/a Sundance/Newbridge Educational Publishing, LLC) (1159). The address for each of the Debtors solely for purposes of notices and communications is 10 New King Street, Suite 102, White Plains, NY 10604.

3.     The Plan is proposed by the Debtors and effectuates a comprehensive financial restructuring of the Debtors' existing equity and debt structures. The Plan will become effective if it is confirmed by the Bankruptcy Court.

4.     The Debtors received authority from the Bankruptcy Court to pay the prepetition claims of certain trade and other unsecured creditors consistent with the terms of such obligations existing on the Commencement Date, or with past practice, so long as any creditor that accepts such payment on account of a prepetition claim maintains or reinstates trade terms during the pendency of these chapter 11 cases that are at least as favorable as those existing on the Commencement Date, or are otherwise acceptable to the Debtors, all as more fully set forth in the Order of the Bankruptcy Court. Please take note that any creditor who accepts payment of a prepetition claim during the pendency of these cases agrees to these terms and is subject to any remedies that the Bankruptcy Court may provide in any order approving this requested relief if the creditor does not abide by these terms.

## Summary of the Plan[2]

The Plan provides that on the effective date thereof the Debtors shall issue the following securities: (i) New First Lien Notes[3] will be issued in an aggregate principal amount of $100 million and will have a three-year term commencing on the Effective Date (the "New First Lien Notes"); (ii) New Second Lien Notes will be issued in an aggregate principal amount of $80 million less the amount of any Senior Note Cash Consideration and will have a four-year term commencing on the Effective Date (the "New Second Lien Notes"); (iii) one class of common stock issued by Haights Cross Communications, Inc. (the "New Common Stock"); and (iv) new warrants, which may be exercised within three years of the Effective Date, subject to certain terms and conditions, to purchase New Common Stock at a price per share equal to the quotient of (1)(A) the sum of (i) $100,000,000 and (ii) the Senior Note Principal Amount, plus accrued but unpaid interest thereon through the Petition Date, less (B) the sum of (x) the consolidated Cash balance of the Reorganized Debtors on the Effective Date in excess of $15 million (as estimated on the Confirmation Date and verified to the reasonable satisfaction of the Requisite Plan Support Parties), (y) the aggregate principal amount of the New First Lien Notes or Alternative Financing, as applicable, and (z) the aggregate principal amount of the New Second Lien Notes; divided by (2) 9,000,000 (the "Exit Warrants").

The Plan provides for the following distributions on the Effective Date, except to the extent any claimholder agrees to less favorable treatment:

(i)     Holders of Class 2 Allowed Secured Credit Agreement Claims will receive, in full satisfaction and discharge of such Claims,

_____

[2] The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Prepackaged Plan and do not purport to be precise or complete statements of all the terms and provisions of the Prepackaged Plan or documents referred to therein. For a more detailed description of the Prepackaged Plan, please refer to the Disclosure Statement.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code.

Cash in an amount equal to their Allowed Secured Credit Agreement Claims, if the Prospective Debtors consummate an Alternative Financing. If the Prospective Debtors are unable to consummate an Alternative Financing, then on, or as soon as practicable after, the Effective Date, each Holder of Allowed Secured Credit Agreement Claims shall receive, in full satisfaction and discharge thereof, (a) its Pro-Rata Share of the New First Lien Notes and (b) Cash equal to the difference between (i) the amount of its Allowed Secured Credit Agreement Claims and (ii) the principal amount of its Pro-Rata Share of the New First Lien Notes;

(ii) Holders of Class 4 Allowed Senior Note Claims will receive, in full satisfaction and discharge of such Claims, their Pro-Rata Share of (a) the New Second Lien Notes, (b) the Senior Note Stock Consideration (subject to adjustment for rounding of fractional shares), (c) any Senior Note Cash Consideration and (d) any Rights Offering Proceeds; and

(iii) Holders of Class 5 Allowed Senior Discount Notes Claims will receive, in full satisfaction and discharge of such Claims, their Pro-Rata Share of (a) 720,000 shares of New Common Stock (subject to adjustment for rounding of fractional shares), which amount shall be equal to approximately 8% of the total number of shares of New Common Stock issued under the Plan and (b) Exit Warrants.

Further, the Plan does not impair tax claims, priority claims, administrative expense claims, or general unsecured claims.

5. Votes on the Plan were solicited prior to the Commencement Date. The following chart summarizes the treatment provided by the Plan to each class of claims and interests and indicates the acceptance or rejection of the Plan by each class:

| Class | Designation | Impairment | Accept/Reject |
|---|---|---|---|
| Unclassified | Administrative Expense Claims | Unimpaired | N/A |
| Unclassified | Priority Tax Claims | Unimpaired | N/A |
| Class 1 | Other Priority Claims | Unimpaired | N/A |
| Class 2 | Secured Credit Agreement Claims | Impaired | Accept |

3

| Class | Designation | Impairment | Accept/Reject |
|-------|-------------|------------|---------------|
| Class 3 | Other Secured Claims | Unimpaired | N/A |
| Class 4 | Senior Note Claims | Impaired | Accept |
| Class 5 | Senior Discount Notes Claims | Impaired | Accept |
| Class 6 | General Unsecured Claims | Unimpaired | N/A |
| Class 7 | Intercompany Claims | Unimpaired | N/A |
| Class 8 | Surviving Equity Interests | Unimpaired | N/A |
| Class 9 | Prepetition Holdings Equity Interests | Impaired | N/A |

### Hearing to Consider Compliance
### with Disclosure Requirements and Confirmation Of The Plan

6.       A hearing to consider compliance with the Bankruptcy Code's disclosure requirements and any objections thereto and to consider any other matter that may properly come before the Bankruptcy Court will be held before The Honorable _____, United States Bankruptcy Judge, in Room _____ of the United States Bankruptcy Court, 824 Market Street, _____ Floor, Wilmington, Delaware 19801, on , February __, 2010 at __:__ _.m. prevailing Eastern time or as soon thereafter as counsel may be heard (the "Disclosure Statement Hearing"). A hearing to consider confirmation of the Plan and any objections thereto (the "Confirmation Hearing") is scheduled to commence immediately following the Disclosure Statement Hearing. The Disclosure Statement Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Disclosure Statement Hearing or at an adjourned Disclosure Statement Hearing and will be available on the electronic case filing docket. The time fixed for the Confirmation Hearing may be rescheduled by the Bankruptcy Court in the event that the Bankruptcy Court does not find compliance with the disclosure requirements at the Disclosure Statement Hearing or for any other reason. Notice of the rescheduled date or dates, if any, will be provided by an announcement at the Confirmation Hearing or at an adjourned Confirmation Hearing and will be available on the electronic case filing docket.

7.       Any objections to the Disclosure Statement and/or the Plan must (i) be in writing, filed with the Clerk of the United States Bankruptcy for the District of Delaware together with proof of service thereof, (ii) set forth the name of the objector, and the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors, (iii) state the legal and factual basis for such objection, and (iv) **be served upon the**

following so as to be received no later than ____:00 __.m. prevailing Eastern time on _____ ___, 2010:

(i)    the attorneys for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq.);

(ii)    special counsel for the Debtors, Brown Rudnick LLP, One Financial Center, Boston, MA 02111 (Attn: Steven D. Pohl, Esq.);

(iii)    special counsel for the Debtors, Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Tally M. Wiener, Esq.)

(iv)    the attorneys for the Informal Committee of Senior Notes, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Attn: Andrew V. Tenzer, Esq. and Michael H. Torkin, Esq.);

(v)    the attorneys for the Informal Committee of Senior Notes, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan, Esq.);

(vi)    the attorneys for certain Senior Discount Notes Holders Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Cristopher Greer, Esq.);

(vii)    the attorneys for the Prepetition Agent, McGuire, Craddock & Strother, P.C., 2501 N. Harwood Street, Suite 1800, Dallas, TX 75201 (Attn: Jonathan Thalheimer, Esq.);

(viii)    the office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: David Klauder, Esq.).

**The Plan contains an injunction which provides, among other things, all Entities that hold or have held Claims or Equity Interests (other than the Claims that are reinstated under section 3.2 of the Plan) and all other parties in interest in the Chapter 11 Cases, along with their respective current and former employees, agents, officers, directors, principals and affiliates, permanently are enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind against the Prospective Debtors or the Reorganized Debtors, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Prospective Debtors or Reorganized Debtors, (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Prospective Debtors or Reorganized Debtors, or (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Prospective Debtors or Reorganized Debtors or against the property or interests in property of the Prospective Debtors or Reorganized Debtors, on account of such Claims or Equity Interests. This injunction will not, however,**

5

preclude such Entities from exercising their rights pursuant to and consistent with the terms of the Plan and the contracts, instruments, releases, indentures and other agreements and documents delivered under and in connection with the Plan.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

Dated: Wilmington, Delaware
      January _____, 2010                 BY ORDER OF THE COURT

Daniel J. DeFranceschi, Esq. (No. 2732)
Paul N. Heath (Bar No. 3704)
Christopher M. Samis (Bar No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

Attorneys for Debtors and
Debtors in Possession

6