# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **HAIGHTS CROSS COMMUNICATIONS,** | ) | **Case No. 10-10062 (BLS)** |
| **INC., et al.,**[1] | ) | |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | **Re: Docket No. 63** |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS FINANCIAL ADVISORS AND INVESTMENT BANKERS

This matter coming before the Court on the Application of the Debtors to Retain and Employ Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey") as Financial Advisors and Investment Bankers (the "Application"),[2] filed by the above-captioned debtors (the "Debtors"); the Court having reviewed the Application, the Declaration and the Engagement Agreement and having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Application and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Application is necessary and essential for the Debtors' reorganization and such

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Haights Cross Communications, Inc. (7398), Haights Cross Operating Company (7416), Triumph Learning, LLC (7400), Recorded Books, LLC (7163) and SNEP, LLC (f/k/a Sundance/Newbridge Educational Publishing, LLC) (1159). The address for each of the Debtors solely for purposes of notices and communications is 10 New King Street, Suite 102, White Plains, NY 10604.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.    The Application is GRANTED.

The Debtors are authorized, effective as of the Petition Date, to employ and retain Houlihan Lokey as their financial advisors and investment bankers, on the terms set forth in the Engagement Agreement and the Application, pursuant to section 327(a) and 328(a) of the Bankruptcy Code, and subject to the terms and conditions imposed below.

Houlihan Lokey shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders or procedures of this Court. Subject to the foregoing, Houlihan Lokey will file applications for interim and final allowance of compensation and reimbursement of expenses.

Houlihan Lokey's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code, except as specifically provided in the following paragraph.

Notwithstanding the approval of Houlihan Lokey's retention pursuant to section 327 of the Bankruptcy Code and approval of the terms of the engagement under section 328(a) of the Bankruptcy Code, the United States Trustee (the "U.S. Trustee") shall be permitted to review the Restructuring Transaction Fee and the Restructuring Transaction Work Fee (collectively, the "Transaction Fees") (but not the Monthly Fees in the event such fees are credited against the Transaction Fees) pursuant to the reasonableness standards set forth in section 330 of the Bankruptcy Code; provided, however, that in determining the reasonableness of the Transaction

-2-

Fees under section 330, a factor to be considered is whether the Transaction Fees are comparable to the range of fees paid to investment bankers in comparable transactions both in and outside of court in this and other Districts as provided in section 330(a)(3)(F) of the Bankruptcy Code; and provided, further, that the number of hours spent by Houlihan Lokey's personnel during its engagement or during any given monthly period thereof shall not be the sole factor in and of itself as to the reasonableness of the Transaction Fees or the Monthly Fee. Excepting the provisions of this paragraph, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Houlihan Lokey's compensation. Neither the U.S. Trustee nor Houlihan Lokey shall rely upon this provision as binding precedent in any other chapter 11 proceedings.

The indemnification provisions of the Engagement Agreement are approved and modified, as necessary, as follows:

subject to the provisions of subparagraph (c), infra, the Debtors are authorized to indemnify, and shall indemnify, Houlihan Lokey in accordance with the Engagement Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Agreement, but not for any claim arising from, related to, or in connection with Houlihan Lokey's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Bankruptcy Court;

notwithstanding any provisions of the Engagement Agreement to the contrary, the Debtors shall have no obligation to indemnify Houlihan Lokey or provide contribution or reimbursement to Houlihan Lokey (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Houlihan Lokey's bad faith, self dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Houlihan Lokey's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would not be prohibited by In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which Houlihan Lokey

-3-

should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement, as modified by this Order;

if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Houlihan Lokey believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement, including without limitation the advancement of defense costs, Houlihan Lokey must file an application therefore in this court, and the Debtors may not pay any such amounts to Houlihan Lokey before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by Houlihan Lokey and not a provision limiting the duration of the Debtors' obligation to indemnify Houlihan Lokey; and

any limitation on liability pursuant to the terms of the Engagement Agreement shall be eliminated.

The requirements of Local Rule 2016-2(d) are hereby modified as follows: Houlihan Lokey will file interim and final fee applications as required by the Local Rules and Order of this Court, including detailed descriptions of the expenses for which Houlihan Lokey has requested reimbursement, but Houlihan Lokey will only provide reasonable descriptions of the work it has performed in one hour increments. Additionally, Houlihan Lokey will submit a separate application to this Court for approval of any Transaction Fee (as defined in the Engagement Agreement), if and when such fees become payable. Alternatively, Houlihan Lokey may combine any request for payment of the Transaction Fee in these cases with its interim or final fee applications.

-4-

To the extent this Order is inconsistent with the Engagement Agreement, this Order shall govern.

Dated: _February 5_, 2010
      Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

-5-