## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| HAIGHTS CROSS COMMUNICATIONS, INC., et al., | Case No. 10-10062 (BLS) |
| Debtors.[1] | Jointly Administered |
|  | Re: Docket Nos. 16, 17, 106 & 108 |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (A) APPROVING THE DEBTORS' DISCLOSURE STATEMENT, VOTING MATERIALS AND PROCEDURES, AND SOLICITATION AND (B) CONFIRMING THE DEBTORS' JOINT PREPACKAGED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

WHEREAS Haights Cross Communications, Inc., *et al.* ("Haights") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), have proposed and filed with the United States Bankruptcy Court for the District of Delaware (the "Court") (A) the *Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Plan") [Dkt. No. 17], a copy of which is annexed hereto as **Exhibit A**, and that certain supplement to the Plan, filed with the Court on February 12, 2010 (as may be amended from time to time, the "Plan Supplement") (Dkt. Nos. 106 & 108) and (B) (i) the disclosure statement for the Plan, dated December 4, 2009 (the "Disclosure Statement") [Dkt. No. 16], and (ii) appropriate ballots for voting on the Plan (the "Ballots"), in the forms attached as **Exhibits 6, 7 and 8** to the *Affidavit of Service and Vote Certification of Globic Advisors, Inc.*, sworn to on January 7, 2010 and filed with the Court on

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Haights Cross Communications, Inc. (7398), Haights Cross Operating Company (7416), Triumph Learning, LLC (7400), Recorded Books, LLC (7163) and SNEP, LLC (f/k/a Sundance/Newbridge Educational Publishing, LLC) (1159). The address for each of the Debtors solely for purposes of notices and communications is 10 New King Street, Suite 102, White Plains, NY 10604.

January 11, 2010 (the "Voting Certification") [Dkt No. 99], having been duly transmitted to holders of Claims in compliance with the procedures (the "Solicitation Procedures") set forth in the Voting Certification; and

WHEREAS the Court entered the *Order (I) Scheduling a Combined Hearing to Consider (A) Approval of the Disclosure Statement, (B) Approval of Solicitation Procedures and Form of Ballots, and (C) Confirmation of the Plan; (II) Establishing an Objection Deadline to Object to the Disclosure Statement and the Plan; (III) Approving the Form and Manner of Notice Thereof; and (IV) Granting Related Relief* (the "Scheduling Order") [Dkt. No. 34], which, among other things, scheduled the hearing to approve the Disclosure Statement for February 24, 2010, to be immediately followed by a hearing to consider confirmation of the Plan (together, the "Confirmation Hearing"); and

WHEREAS due notice of the Confirmation Hearing has been given to holders of Claims against the Debtors and other parties in interest in compliance with title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Scheduling Order, and the Solicitation Procedures, as established by or described in (i) the Voting Certification and (ii) the affidavits of service filed with the Court, including the *Affidavit of Service [of Christopher Simco, a Senior Case Manager of Epiq Bankruptcy Solutions, LLC, regarding Notice of Commencement of Cases Under Chapter 11 of the Bankruptcy Code and Summary of Plan of Reorganization and Notice of (i) Hearing to Consider (a) Debtors' Compliance with Disclosure Requirements and (b) Confirmation of Plan of Reorganization]*, dated January 15, 2010 [Dkt. No. 54], as may be supplemented (collectively, the "Notice Affidavits"); and

WHEREAS such notice is sufficient under the circumstances and no further

notice is required; and

NOW, THEREFORE, based on the Court's consideration of the entire record of the Chapter 11 Cases[2] and the Confirmation Hearing, including (A) the Disclosure Statement, the Plan, and the Voting Certification, (B) the Affidavits of (i) Paul J. Crecca, dated February 22, 2010, and (ii) John-Paul Hanson, dated February 22, 2010, each in support of confirmation of the Plan (collectively, the "Confirmation Affidavits"), and (C) the Notice Affidavits, and (i) no objections having been filed to the approval of the Disclosure Statement, and (ii) one objection having been filed to confirmation of the Plan, and all formal and informal objections to the confirmation of the Plan having been resolved or overruled; and on the arguments of counsel and the evidence presented at the Confirmation Hearing; and the Court having found and determined that the Disclosure Statement should be approved and the Plan should be confirmed as reflected by the Court's rulings made herein and at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby FINDS, DETERMINES, AND CONCLUDES that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.     Findings and Conclusions. The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Plan. The rules of construction in section 102 of the Bankruptcy Code shall apply to this Order.

B.　Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).　The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. § 1334.　Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.　The Debtors are eligible debtors under section 109 of the Bankruptcy Code.　Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.　The Debtors are plan proponents in accordance with section 1121(a) of the Bankruptcy Code.

C.　Chapter 11 Petitions.　On January 11, 2010 (the "Commencement Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.　No trustee or examiner has been appointed pursuant to section 1104 of the Bankruptcy Code.　No statutory committee of unsecured creditors has been appointed pursuant to section 1102 of the Bankruptcy Code.　The Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the order of this Court dated January 11, 2010 [Dkt. No. 28].

D.　Judicial Notice.　The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

E.　Burden of Proof.　The Debtors have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.　Each Debtor has met such burden.

F.    Adequacy of Disclosure Statement.    Sections 1125(g) and 1126(b) of the Bankruptcy Code apply to the solicitation of acceptances and rejections of the Plan prior to the commencement of these Chapter 11 Cases. The Debtors have properly relied on the exemption from the registration requirements of the Securities Act of 1933 (as amended, and including the rules and regulations promulgated thereunder, the "Securities Act") pursuant to sections 3(a)(9) and 4(2) thereof. The Disclosure Statement (a) is accurate and contains sufficient information of a kind necessary to satisfy the disclosure requirements of all applicable non-bankruptcy law, including the Securities Act and Section 10(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, and (b) contains "adequate information" as such term is defined in section 1125 of the Bankruptcy Code, thereby satisfying sections 1125 and 1126(b) of the Bankruptcy Code.

G.    Voting.    As evidenced by the Voting Certification, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any other applicable rules, laws, and regulations.

H.    Solicitation.    Prior to the Commencement Date, the Plan, the Disclosure Statement, and the Ballots, and, subsequent to the Commencement Date, notice of the Confirmation Hearing, were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the Scheduling Order. The forms of the Ballots adequately addressed the particular needs of these Chapter 11 Cases and were appropriate for holders of Secured Credit Agreement Claims (Class 2), Senior Note Claims (Class 4), and Senior Discount Note Claims (Class 5) – the Classes of Claims entitled to vote to

accept or reject the Plan. The period during which the Debtors solicited acceptances to accept or reject the Plan was reasonable under the circumstances and enabled holders to make an informed decision to accept or reject the Plan. The Debtors were not required to solicit votes from the holders of Other Priority Claims (Class 1), Other Secured Claims (Class 3), General Unsecured Claims (Class 6), Intercompany Claims (Class 7), and Surviving Equity Interests (Class 8) as each such class is Unimpaired under the Plan. The Debtors also were not required to solicit votes from the holders of Holdings Equity Interests (Class 9) as this Class receives no recovery under the Plan and is deemed to reject the Plan. As described in and as evidenced by the Voting Certification and the Notice Affidavits, the transmittal and service of the Plan, the Disclosure Statement, the Ballots, and the notice of the Confirmation Hearing (all of the foregoing, the "Solicitation") was timely, adequate, and sufficient under the circumstances. The Solicitation complied with the Solicitation Procedures, was appropriate and satisfactory based on the circumstances, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any other applicable rules, laws, and regulations. In connection therewith, the Debtors and any and all affiliates, members, managers, shareholders, partners, employees, attorneys and advisors of the foregoing are entitled to the protection of section 1125(e) of the Bankruptcy Code.

I.      Notice. As is evidenced by the Voting Certification and the Notice Affidavits, the transmittal and service of the Plan, the Disclosure Statement, and the Ballots were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Scheduling Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and

applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

J.      Plan Supplement. On February 12, 2010, the Debtors filed the Plan Supplement, as may be amended from time to time. All materials included in the Plan Supplement comply with the terms of the Plan, and the filing and notice of such documents is good and proper in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and no other or further notice is or shall be required.

### Compliance with the Requirements of Section 1129 of the Bankruptcy Code

K.      Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)). As set forth below, the Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(a)     Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). In addition to Administrative Expense Claims, Ordinary Course Liabilities, Priority Tax Claims, Professional Fees, and Prepetition Indenture Trustee Fees and Expenses, which need not be classified, Article III of the Plan classifies nine Classes of Claims and Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests designated by the Plan, and such Classes do not unfairly discriminate between holders of Claims and Equity Interests. The Plan therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(b)     Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Sections 3.2(a), 3.2(c), 3.2(f), 3.2(g) and 3.2(h) of the Plan specify that Class 1 (Other Priority Claims), Class 3 (Other Secured Claims), Class 6 (General Unsecured Claims), Class 7 (Intercompany Claims), and

Class 8 (Surviving Equity Interests) are not impaired under the Plan within the meaning of section 1124 of the Bankruptcy Code, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(c)     <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.     Sections 3.2(b), 3.2(d) 3.2(e), and 3.2(i) of the Plan designate Class 2 (Secured Credit Agreement Claims), Class 4 (Senior Note Claims), Class 5 (Senior Discount Note Claims), and Class 9 (Prepetition Holdings Equity Interest) as impaired within the meaning of section 1124 of the Bankruptcy Code and specify the treatment of the Claims and Equity Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(d)     <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.     The Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(e)     <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>.     The Plan provides adequate and proper means for its implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code, including (as more fully described in the Plan Support Agreement and Article IV of the Plan): (i) compromises of all Claims and controversies resolved under the Plan; (ii) release of all of the guarantees by any Debtor of the payment, performance, or collection of another Debtor with respect to the Claims specified in Class 2 (Secured Credit Agreement Claims), Class 4 (Senior Note Claims) and Class 5 (Senior Discount Note Claims); (iii) the vesting of the title to all Assets of the Debtor in the Reorganized Debtor free and clear of all Claims, liens, encumbrances and other interests; (iv) the cancelation of each of the Senior Notes, the Senior Discount Notes, the Prepetition Indentures, the Prepetition Holdings Equity Interests, the

Secured Credit Agreement, the Loan Documents, and any other notes, bonds, indentures, certificates or other instruments or documents evidencing or creating any Claims or Equity Interests that are Impaired under the Plan; (v) the release of any Lien securing any Secured Claim (except those reinstated under Section 3.2(c)) of the Plan; and (vi) the use of the Reorganized Debtors' Cash balances for all payments required to be made under the Plan, except as otherwise provided in the Plan or this Confirmation Order.

(f) <u>Non-Voting Equity Securities/Allocation of Voting Power (11 U.S.C. § 1123(a)(6))</u>. Section 4.7 of the Plan provides that on the Effective Date, the Reorganized Debtors in consultation with the Requisite Plan Support Parties, will (a) make any and all filings that may be required in connection with the New Constituent Documents with the appropriate governmental offices and/or agencies and (b) take any and all other actions that may be required to render the New Constituent Documents effective. The Plan provides that the New Constituent Documents will prohibit the issuance of non-voting equity securities to the extent required under section 1123(a)(6) of the Bankruptcy Code. Section 1123(a)(6) of the Bankruptcy Code, therefore, is satisfied.

(g) <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>. Section 4.9 of the Plan contains provisions with respect to the manner of selection of directors and officers of the Reorganized Debtors that are consistent with the interests of creditors, equity security holders, and public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

(h) <u>Impairment/Unimpairment of Classes of Claims and Equity Interests (11 U.S.C. § 1123(b)(1))</u>. As permitted by section 1123(b)(1) of the Bankruptcy Code, Article III of the Plan designates (i) Class 2 (Secured Credit Agreement Claims), Class 4 (Senior Note Claims), Class 5 (Senior Discount Note Claims), and Class 9 (Prepetition Holdings Equity Interests) as

impaired, and (ii) Class 1 (Other Priority Claims), Class 3 (Other Secured Claims), Class 6 (General Unsecured Claims), Class 7 (Intercompany Claims), and Class 8 (Surviving Equity Interests) as unimpaired.

(i) <u>Assumption and Rejection (11 U.S.C. § 1123(b)(2))</u>. Article V of the Plan governs the assumption and rejection of executory contracts and unexpired leases and meets the requirements of section 365(b) of the Bankruptcy Code.

(j) <u>Additional Plan Provisions (11 U.S.C. § 1123(b)(6))</u>. Each of the provisions of the Plan is appropriate and consistent with the applicable provisions of the Bankruptcy Code.

(k) <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>. Section 5.1(d) of the Plan provides for the cure of defaults associated with each executory contract and unexpired lease to be assumed pursuant to the Plan in accordance with section 365(b)(1) of the Bankruptcy Code. Except to the extent that different treatment has been agreed to by and between the Debtors, with the reasonable consent of the Requisite Plan Support Parties, and the non-Debtor party or parties to any executory contract or unexpired lease to be assumed pursuant to section 5.1(a) of the Plan, any monetary amount by which any executory contract or unexpired lease to be assumed pursuant to the Plan is in default shall be satisfied, in accordance with section 365(b)(1) of the Bankruptcy Code, by the Debtors. If there is a dispute regarding (i) the nature or amount of any cure, (ii) the ability of the Debtors or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, cure shall occur following the entry of a Final Order of the Bankruptcy Court resolving such dispute and approving the assumption and assignment, as the case may be.

L.     The Debtors' Compliance with Bankruptcy Rule 3016. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of both the Disclosure Statement and the Confirmation Affidavits with the Clerk of this Court satisfies Bankruptcy Rule 3016(b).

M.     The Debtors' Compliance with Bankruptcy Rule 3017. The Debtors have given proper and sufficient notice of the hearing to approve the adequacy of information contained in the Disclosure Statement and the Solicitation Procedures as required by the Scheduling Order. The Debtors also have given proper and sufficient notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d), as modified by the Scheduling Order. The Solicitation Procedures pursuant to which the Plan, the Disclosure Statement and the Ballots were provided to the beneficial Holders of the Senior Notes and Senior Discount Notes were adequate, thereby satisfying Bankruptcy Rule 3017(e).

N.     The Debtors' Compliance with Bankruptcy Rule 3018. The solicitation of votes to accept or reject the Plan solely from the Holders of Secured Credit Agreement Claims, Senior Notes Claims and Senior Discount Note Claims satisfies Bankruptcy Rule 3018(a). The Plan was transmitted to all parties-in-interest entitled to vote thereon, sufficient time was prescribed for such entities to accept or reject the Plan, and the Solicitation Procedures complied with sections 1125 and 1126 of the Bankruptcy Code, thereby satisfying Bankruptcy Rule 3018(b).

O.     The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtors have complied with the applicable provisions of the Bankruptcy Code. Specifically:

(a)     Each of the Debtors is an eligible debtor under section 109 of the Bankruptcy Code; and

(b)     The Debtors have complied with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable non-bankruptcy law, the Scheduling Order, and all other applicable law, except as otherwise provided or permitted by orders of the Bankruptcy Court.

P.     Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Plan (including the Plan Support Agreement, the Plan Supplement and all other documents and agreements necessary to effectuate the Plan) has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  Such good faith is evident from the facts and records of the Chapter 11 Cases, the Disclosure Statement, the Confirmation Affidavits, and the record of the Confirmation Hearing and other proceedings held in the Chapter 11 Cases.  The Plan, which was developed after many months of analysis and negotiations, was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' estates and effectuating a successful reorganization of the Debtors.  The Plan (including the Plan Support Agreement and all documents necessary to effectuate the Plan) was developed and negotiated in good faith and at arm's length among representatives of the Debtors and certain holders of the Debtors' secured and unsecured obligations.  Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith and at arm's length, are consistent with sections 105, 1122, 1123(b)(6), 1123(b)(3)(A), 1129, and 1142 of the Bankruptcy Code, and are each necessary for the Debtors' successful reorganization.

Q.     Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  Any payment made or to be made by the Debtors or by the Reorganized Debtors for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan

and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

R.    Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).    The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code.    The identity and affiliations of the persons proposed to serve as the initial directors and officers of each of the Reorganized Debtors after confirmation of the Plan have been fully disclosed to the extent such information is available, and the appointment to, or continuance in, such offices of such persons is consistent with the interests of holders of Claims against and Equity Interests in the Debtors and with public policy.    To the extent available, the identity of any insider that will be employed or retained by the Reorganized Debtors and the nature of such insider's compensation also have been fully disclosed.

S.    No Rate Changes (11 U.S.C. § 1129(a)(6)).    After confirmation of the Plan, the Debtors' business will not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission.    Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable to the Chapter 11 Cases.

T.    Best Interest of Creditors (11 U.S.C. § 1129(a)(7)).    The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.    The Confirmation Affidavits, the liquidation analysis provided in the Disclosure Statement, and the other evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence, and (iii) establish that each holder of an Impaired Claim or Equity Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such

holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

U. Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Class 1 (Other Priority Claims), Class 3 (Other Secured Claims), Class 6 (General Unsecured Claims), Class 7 (Intercompany Claims) and Class 8 (Surviving Equity Interests) are Classes of Unimpaired Claims that are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code. Class 2 (Secured Credit Agreement Claims), Class 4 (Senior Note Claims), and Class 5 (Senior Discount Note Claims) have voted to accept the Plan in accordance with sections 1126(b) and (c) of the Bankruptcy Code, without regard to the votes of insiders of the Debtors. Class 9 (Prepetition Holdings Equity Interests) is Impaired by the Plan and is not entitled to receive or retain any property under the Plan and, therefore, is deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. As found and determined in paragraph GG below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding that Class 9 is Impaired and is deemed to have rejected the Plan.

V. Treatment of Administrative Expense Claims, Ordinary Course Liabilities, Priority Tax Claims, Professional Fees, and Prepetition Indenture Trustee Fees and Expenses (11 U.S.C. § 1129(a)(9)). The treatment of Allowed Administrative Expense Claims, Allowed Ordinary Course Liabilities, Professional Fees and Prepetition Indenture Trustee Fees and Expenses pursuant to Sections 2.1, 2.2, 2.4, and 2.5 of the Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Priority Tax Claims pursuant to Section 2.3 of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

W.    Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10)).  Holders of Secured Credit Agreement Claims (Class 2), holders of Senior Note Claims (Class 4), and holders of Senior Discount Note Claims (Class 5) voted to accept the Plan, without the need to include any acceptance of the Plan by an insider.  Therefore the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

X.    Feasibility (11 U.S.C. § 1129(a)(11)).    The information in the Disclosure Statement and the Confirmation Affidavits and the evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is feasible and that there is a reasonable prospect of the Reorganized Debtors being able to meet their financial obligations under the Plan and operate their business in the ordinary course and that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Reorganized Debtors, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

Y.    Payment of Fees (11 U.S.C. § 1129(a)(12)).  Section 11.1 of the Plan provides that all fees payable under section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court at the hearing pursuant to section 1128 of the Bankruptcy Code, shall be paid on or before the Effective Date, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

Z.    Continuation of Retiree Benefits (11 U.S.C § 1129(a)(13)).  Section 5.5 of the Plan provides that, except and to the extent previously assumed by an order of the Bankruptcy Court, on or before the Confirmation Date, all employee compensation and benefit plans of the Debtors, including benefit plans and programs subject to sections 1114 and 1129(a)(13) of the Bankruptcy Code, entered into before or after the Petition Date and not since terminated, shall be

deemed to be, and shall be treated as if they were, executory contracts that are to be assumed under the Plan. The Debtors' obligations under such plans and programs shall survive confirmation of the Plan, except for (i) executory contracts or benefit plans specifically rejected pursuant to the Plan (to the extent that such rejection does not violate sections 1114 and 1129(a)(13) of the Bankruptcy Code) and (ii) such executory contracts or employee benefit plans as have previously been rejected, are the subject of a motion to reject as of the Confirmation Date, or have specifically been waived by the beneficiaries of any employee benefit plan or contract. Accordingly, the Plan satisfies the requirements of section 1129(a)(13) of the Bankruptcy Code.

AA.    No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)). The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

BB.    Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15)). The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

CC.    No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)). The Debtors are each a moneyed, business, or commercial corporation, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

DD.    Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only plan filed in each of these Chapter 11 Cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

EE.     Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, and no governmental entity has objected to the confirmation of the Plan on any such grounds.     Therefore, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

FF.     Good Faith Solicitation (11 U.S.C. § 1125(e)). Based on the record before the Court in the Confirmation Affidavits and the Voting Certification, and the record of the Chapter 11 Cases, the Debtors and their respective agents, successors, predecessors, control persons, members, officers, directors, employees and agents and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons, to the extent applicable, (i) have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code and (ii) shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of any securities under the Plan, and therefore are not, and on account of such offer, issuance and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer and issuance of the securities under the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the

release, exculpation and injunction provisions set forth in Sections 9.3, 9.4 and 9.5 of the Plan, respectively.

GG. <u>Confirmation of Plan Over Nonacceptance of Impaired Class (11 U.S.C. § 1129(b))</u>. As described above, the Plan satisfies all of the applicable requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8). Pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding the fact that holders of Claims in Class 9 were deemed to reject the Plan and did not vote to accept the Plan. Requisite numbers and amounts of Holders of Claims in each of Classes 2, 4 and 5, the only Impaired Classes other than Class 9, have voted to accept the Plan. With respect to Class 9, no holders of any Interest that is junior to Class 9 will receive or retain any property under the Plan on account of such junior interest. Based on the evidence proffered, adduced, and presented by the Debtors in the Confirmation Affidavits and at the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Class, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code. Thus, the Plan may be confirmed notwithstanding the deemed rejection of the Plan by Class 9.

HH. <u>Implementation</u>. All documents necessary to implement the Plan, including those contained in the Plan Supplement and all other relevant and necessary documents have been developed and negotiated in good faith and at arm's length and shall, on completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

II. <u>Injunction, Exculpation, and Releases</u>. The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases, exculpation and injunction set forth in Sections 9.3, 9.4, and 9.5 of the Plan, respectively. Section 105(a) of the

Bankruptcy Code permits issuance of the injunction set forth in Section 9.5 of the Plan and approval of the releases and exculpation set forth in Sections 9.3 and 9.4 of the Plan, respectively, if, as has been established here based on the record in the Chapter 11 Cases and the evidence presented in the Confirmation Affidavits and at the Confirmation Hearing, such provisions (i) were integral to the Plan Support Agreement among the various parties in interest and are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' estates, (iii) are fair, equitable, and reasonable, and (iv) are in the best interests of the Debtors, their estates, and parties in interest.

JJ.    Necessity for Injunction, Exculpation and Releases.    Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases, exculpation, injunction, settlements, compromises and discharges set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, the Reorganized Debtors and their estates, creditors, and equity holders.  The releases of non-Debtors under the Plan are fair to holders of Claims and are necessary to the proposed reorganization, thereby satisfying the requirements of *In re Continental Airlines, Inc.,* 203 F.3d 203, 214 (3d Cir. 2000).  Such releases are given in exchange for and are supported by fair, sufficient, and adequate consideration provided by each and all of the parties receiving such releases.  The Confirmation Affidavits and the record of the Confirmation Hearing and these Chapter 11 Cases are sufficient to support the releases, exculpation, and injunction provided for in Article IX of the Plan.  Accordingly, based on the record of the Chapter 11 Cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented in the Confirmation Affidavits and at the Confirmation Hearing, the Court finds that the injunction,

exculpation, and releases set forth in Article IX of the Plan are consistent with the Bankruptcy Code and applicable law. The failure to implement the injunction, release, and exculpation provisions of the Plan would seriously impair the Debtors' ability to confirm the Plan.

KK.     Satisfaction of Confirmation Requirements.     Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

LL.     Reasonably Equivalent Value; Solvency.     Each transfer and obligation contemplated to be made or incurred under the Plan will be made or incurred for reasonably equivalent value, and the Reorganized Debtors (a) will be solvent on the date that any such transfer is made or such obligation incurred, and will not become insolvent as a result of such transfers or obligations, (b) will not be engaged in businesses or transactions for which the properties remaining with the Reorganized Debtors will be an unreasonably small capital, (c) have not intended to incur, or believed that they would incur, debts that would be beyond the Reorganized Debtors' ability to pay as such debts matured and (d) will not make any such transfer or incur any such obligation to or for the benefit of an insider outside of the ordinary course of business.

MM.     Good Faith.     The Debtors and all of their respective members, officers, directors, agents, financial advisers, attorneys, employees, equity holders, partners, affiliates, and representatives will be acting in good faith if they proceed to (1) consummate the Plan and the agreements, transactions, and transfers contemplated thereby and (2) take the actions authorized and directed by this Confirmation Order.

NN.     11 U.S.C. § 1145(a) Exemption.     Pursuant to section 1145(a) of the Bankruptcy Code, section 5 of the Securities Act of 1933 and any State or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker or

dealer in, a security do not apply to the offer or sale of the Exit Warrants, shares of New Common Stock, shares of New Common Stock issuable upon exercise and payment under the Exit Warrants, the New First Lien Notes and the New Second Lien Notes issued under the Plan.

OO. <u>Rule 9019(a) Settlement</u>. Except as otherwise provided in the Plan and this Confirmation Order, the Plan is a settlement between and among the Debtors and their creditors and equity holders of all claims and litigation against the Debtors, pending or threatened, or that was or could have been commenced against the Debtors prior to the date of entry of this Confirmation Order (other than the Reorganized Debtors' ability to prosecute objections to Claims and other retained Causes of Action to the extent preserved under the Plan). Such settlement, as reflected in the relative distributions and recoveries or other benefits provided to holders of Claims or Interests under the Plan, (i) will save the Debtors and their estates the costs and expenses of prosecuting various disputes, the outcome of which is likely to consume substantial resources of the Debtors' estates and require substantial time to adjudicate and (ii) have facilitated the creation and implementation of the Plan and benefits the Debtors' estates and creditors. Accordingly, such settlement is fair and reasonable.

PP. <u>No Objections to Assumed Contracts and Unexpired Leases</u>. No party to any executory contract or unexpired lease to be assumed pursuant to the Plan has objected to assumption thereof.

QQ. <u>Retention of Jurisdiction</u>. The Court may properly, and on the Effective Date shall, retain exclusive jurisdiction over all matters arising out of, and related to, the Debtors' Chapter 11 Cases, including the matters set forth in Article X of the Plan and section 1142 of the Bankruptcy Code.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  <u>Findings of Fact and Conclusions of Law</u>. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2.  <u>Notice of the Confirmation Hearing</u>. Notice of the Confirmation Hearing complied with the terms of the Scheduling Order, was appropriate and satisfactory based on the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3.  <u>Solicitation</u>. The solicitation of votes to accept or reject the Plan complied with the Solicitation Procedures, was appropriate and satisfactory based on the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law.

4.  <u>Ballots</u>. The forms of Ballots annexed to the Voting Certification are in compliance with Bankruptcy Rule 3018(c), as modified, conform to Official Form Number 14, and are approved in all respects.

5.  <u>The Disclosure Statement</u>. The Disclosure Statement is hereby approved in all respects. To the extent that the Debtors' solicitation of acceptances of the Plan is deemed to constitute an offer of new securities, the Debtors are exempt from the registration requirements of the Securities Act (and of any equivalent state securities or "blue sky" laws) with respect to such solicitation under sections 3(a)(9) and 4(2) of the Securities Act and Regulation D promulgated thereunder. The Debtors have complied with the requirements of sections 3(a)(9) and 4(2) of the Securities Act and Regulation D.

6. <u>Confirmation of the Plan</u>. The Plan and each of its provisions shall be, and hereby are, approved and confirmed under section 1129 of the Bankruptcy Code. The documents contained in the Plan Supplement are authorized and approved. The terms of the Plan, including the Plan Supplement, are incorporated by reference into, and are an integral part of, this Confirmation Order.

7. <u>Objections Resolved or Overruled</u>. Except as provided herein, all objections, responses to, and statements and comments, if any, in opposition to, the Plan, other than those withdrawn, waived, or settled prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, overruled in their entirety.

8. <u>General Authorizations</u>. Except to the extent provided in the Plan Support Agreement, pursuant to the applicable provisions of the Delaware General Corporation Law, and any comparable provisions of the business corporation laws of any other state, no additional action of the respective directors, members, or stockholders of the Debtors shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan and any contract, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan. To the extent that, under applicable non-bankruptcy law, any of the foregoing actions would otherwise require the consent or approval of the shareholders, directors or members of the Debtors or Reorganized Debtors, as applicable, this Confirmation Order shall constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the shareholders, directors or members of the appropriate Debtor or Reorganized Debtor pursuant to section 1142 of the Bankruptcy Code and any applicable state business corporation law provisions.

9. <u>Binding Effect</u>. Pursuant to section 1145 of the Bankruptcy Code, on the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind the Debtors, the Reorganized Debtors, all holders of Claims against and Equity Interests in the Debtors (irrespective of whether such Claims or Equity Interests are Impaired under the Plan or whether the holders of such Claims or Equity Interests have accepted the Plan), any and all non-Debtor parties that are party to executory contracts and unexpired leases with any of the Debtors, any other party in interest in the Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

10. <u>Cancellation of Notes, Instruments, Debentures and Equity Interests</u>. Upon the Effective Date, except to the extent provided elsewhere in the Plan or in this Confirmation Order, each of (a) the Senior Notes, (b) the Senior Discount Notes, (c) the Prepetition Indentures, (d) the Prepetition Holdings Equity Interests, (e) the Secured Credit Agreement and (f) the Loan Documents and (g) any other notes, bonds, indentures, certificates or other instruments or documents evidencing or creating any Claims or Equity Interests that are Impaired pursuant to the Plan, shall be cancelled and deemed terminated, and shall represent only the right to receive the distributions, if any, to which the Holders thereof are entitled under the Plan; *provided, however*, that the provisions of the Prepetition Indentures granting the Prepetition Indenture Trustees (1) charging liens or other rights against distributions payable to holders of the Prepetition Notes, to the extent that the Prepetition Indenture Trustees do not receive payments of their fees, costs and expenses payable pursuant to Section 2.5 of the Plan and (2) ability to make distributions to holders of Prepetition Notes as set forth in the Prepetition Indentures and the Plan, shall survive the cancellation of the Prepetition Indentures and remain in full force and

effect. Except as otherwise provided in Section 6.3 of the Plan, as of the Effective Date, the Prepetition Indenture Trustees shall have no further obligations under their respective Prepetition Indentures.

11. <u>Distribution of New Common Stock and Exit Warrants</u>. Distribution of New Common Stock to the holders of the Senior Notes and New Common Stock and Exit Warrants to the holders of the Senior Discount Notes need not occur on the Effective Date, but may occur as soon as is reasonably practicable after the Effective Date, taking into account, among other things, the requirement under Section 4.13 of the Plan that all persons entitled to receive shares of New Common Stock must execute and return signature pages to the Voting Agreement. The Debtors, Prepetition Indenture Trustees and, to the extent necessary or appropriate, DTC and all other persons are authorized to implement commercially reasonable procedures to effect the distribution of New Common Stock and Exit Warrants.

12. <u>Vesting of Assets and Continued Corporate Existence</u>. On the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of the Debtors' estates shall vest in the Reorganized Debtors free and clear of all Claims, liens, encumbrances, charges, and other interests. The Reorganized Debtors may operate their businesses and may use, acquire, and dispose of property without approval of the Bankruptcy Court, and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending cases under any chapter or provision of the Bankruptcy Code, except as provided in the Plan.

13. <u>Implementation of the Plan</u>. The Debtors and the Reorganized Debtors are authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, including those contained in the Plan Supplement, and take such other

actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan, including all such actions delineated in Article IV of the Plan. On the Effective Date, the appropriate officers or representatives of the Reorganized Debtors and members of the boards of directors of the same are authorized and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases, and other agreements, including those contained in the Plan Supplement, referred to in the Plan, in the name of and on behalf of the Reorganized Debtors.

14.    Compliance with Section 1123(a)(6) of the Bankruptcy Code. The adoption and filing by Reorganized Debtors of the New Constituent Documents is hereby authorized, ratified, and approved.

15.    Subordination.    Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate order of this Court, the classification and manner of satisfying all Claims and Equity Interests under the Plan takes into consideration all subordination rights, whether arising by contract or under general principles of equitable subordination, section 510(b) or 510(c) of the Bankruptcy Code, or otherwise. All subordination rights that a Holder of Claim or Equity Interest may have with respect to any distribution to be made under the Plan will be discharged and terminated and all actions related to the enforcement of such subordination will be enjoined permanently. Accordingly, distributions under the Plan to Holders of Allowed Claims will not be subject to payment of a beneficiary of such terminated subordination rights, or to levy, garnishment, attachment or other legal process by a beneficiary of such terminated subordination rights.

16.    Professional Compensation. Except as provided in the Plan, all entities seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of

expenses incurred through and including the Confirmation Date under section 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code (i) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is sixty (60) days after the Effective Date, (ii) shall be paid in full from the Debtors' or Reorganized Debtors' Cash on hand in such amounts as are allowed by the Bankruptcy Court on the latest of (A) the Effective Date, (B) thirty days after the date which such Administrative Expense Claim becomes Allowed, (C) the date on which such Administrative Expense Claim become due and payable and (D) such other date as mutually may be agreed to by such Holder, the Requisite Plan Support Parties and the Debtors. The Reorganized Debtors are authorized to pay compensation for services rendered or reimbursement of expenses incurred after the Confirmation Date and until the Effective Date in the ordinary course and without the need for Bankruptcy Court approval.

17.     Discharge.  As of the Effective Date, pursuant to Section 9.2 of the Plan and except as otherwise provided herein, each holder (as well as any trustees and agents on behalf of each holder) of a Claim against the Debtors or Equity Interest and any affiliate of such holder shall be deemed to have forever waived, released and discharged the Debtors to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Equity Interests, rights and liabilities of any kind, nature or description that arose prior to the Effective Date.  On the Effective Date, all holders of such Claims and Equity Interests shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against the Debtors, Reorganized Debtors, or any of their assets or properties, or the terminated Equity Interests based on any act or omission, transaction,

or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim or proof of Equity Interest.

18.     Binding Release, Exculpation and Injunction Provisions.     All release, exculpation and injunction provisions embodied in the Plan, including but not limited to those contained in Sections 9.3, 9.4 and 9.5 of the Plan respectively, are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

19.     Term of Injunctions or Stays.     Pursuant to Section 9.5 of the Plan, unless otherwise provided, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay. On the entry of this Confirmation Order, all holders of Claims and Equity Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

20.     Compromises and Settlements.     All settlements and compromises of claims and causes of action against non-debtor entities that are embodied in the Plan, that are approved herein as fair, equitable, reasonable and in the best interests of the Debtors, the Reorganized Debtors and their Estates, creditors and equity holders, shall be, and hereby are, effective and binding on all persons and entities who may have had standing to assert such claims or causes of action, and no person or entity shall possess such standing to assert such claims or causes of action after the Effective Date.

21.     Payment of Statutory Fees.  All fees payable pursuant to section 1930 of title 28 of the United States Code shall be paid on the Effective Date and thereafter as may be required.

22.     Assumption or Rejection of Contracts and Leases.  Pursuant to Section 5.1 of the Plan, except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, the Debtors shall be deemed to have assumed each executory contract and unexpired lease to which they are parties (including, but not limited to, non-exclusive or exclusive patent, trademark, copyright or other intellectual property licenses), unless such contract or lease (i) was assumed or rejected by the Debtors prior to such date, (ii) expired or terminated pursuant to its own terms prior to such date, (iii) is the subject of a motion or stipulation to reject Filed on or before the Effective Date or (iv) is set forth in a schedule Filed as part of the Plan as an executory contract or unexpired lease to be rejected.  This Confirmation Order shall constitute an order of the Bankruptcy Court under sections 365 and 1123(b) of the Bankruptcy Code approving the contract and lease assumptions or rejections described above, as of the Effective Date.  In addition, pursuant to Section 5.5 of the Plan, any employment agreement entered into by and between the Debtors and any of their key employees that has been Filed with this Court as of the Effective Date is expressly authorized and ratified, and hereby shall become effective pursuant to its terms and shall survive consummation of the Plan.

23.     Rejection Damages Proofs of Claim; Allowance.  All proofs of claim with respect to Claims arising from the rejection of executory contracts or unexpired leases, if any, must be Filed within 30 days after the later of (a) the date of the order of this Court approving such rejection and (b) the date of the Confirmation Order.  Any Claim arising from the rejection of an executory contract or unexpired lease for which proof of such Claim is not Filed within such

time period shall forever be barred from assertion against the Debtors or the Reorganized Debtors, the Estates and their property, unless otherwise ordered by this Court. Any Allowed Claim arising from the rejection of executory contracts or unexpired leases for which proof of such Claim timely has been Filed shall be, and shall be treated as, an Allowed General Unsecured Claim under the terms hereof, subject to any limitation under section 502(b) of the Bankruptcy Code or otherwise.

24.     Section 365(n) Election.  With respect to the rejection of any intellectual property license agreement pursuant to paragraph 22 of this Confirmation Order, any election under section 365(n) of the Bankruptcy Code with respect to any such intellectual property license agreement must be filed with the Bankruptcy Court and served on counsel for the Reorganized Debtors within 30 days of the later of: (i) the date of this Confirmation Order; and (ii) the date of the Order of the Bankruptcy Court approving such rejection. Any such election must state with particularity what rights, if any, the licensee asserts exist and are retained pursuant to section 365(n) of the Bankruptcy Code.

25.     Time Bar for Section 365(n) Election.  Any election or assertion of rights of any kind under section 365(n) of the Bankruptcy Code not timely filed as set forth in paragraph 23 above shall be forever barred and shall not be enforceable against the Debtors or the Reorganized Debtors, or their respective properties or interests in property, agents, successors, or assigns.

26.     Retention of Jurisdiction.  Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, pursuant to Article X of the Plan and sections 105 and 1142 of the Bankruptcy Code, this Court shall retain exclusive jurisdiction over all matters arising in, arising under, and related to the Chapter 11 Cases to the fullest extent as is legally permissible.

27. Exemption from Certain Taxes. Section 11.9 of the Plan provides that pursuant to section 1146(a) of the Bankruptcy Code, the (i) issuance, transfer, or exchange of notes or equity securities under the Plan, (ii) the creation of any mortgage, deed of trust, lien, pledge, or other security interest, (iii) the making or assignment of any lease or sublease and (iv) the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan will not be subject to any stamp tax, recording tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

28. Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependent. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

29. Reversal/Stay/Modification/Vacatur of Confirmation Order. If any or all of the provisions of this Confirmation Order or the Plan are hereafter reversed, modified, vacated, or stayed by subsequent Order of this Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, security interest granted or lien incurred or undertaken by the Debtors or the Reorganized Debtors, as applicable, prior to the occurrence of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan.

30. Governing Law. Section 11.3 of the Plan provides that except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit to the Plan or

31

Plan Supplement provides otherwise, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflict of laws thereof.

31. <u>Rule 9019(a) Settlement</u>. The Plan is a settlement between and among the Debtors and their creditors and equity holders of all Claims and litigation against the Debtors, pending or threatened against the Debtors, or that was or could have been commenced against the Debtors prior to the date of entry of this Confirmation Order (other than the Reorganized Debtors' ability to prosecute objections to Claims to the extent preserved under the Plan). Such settlement, as reflected in the relative distributions and recoveries of holders of Claims and Equity Interests under the Plan, is fair and reasonable and is accordingly approved in all respects pursuant to Bankruptcy Rule 9019(a). This Court has found the settlements embodied in the Plan will save the Debtors and their estates the costs and expenses of prosecuting various disputes, the outcome of which is likely to consume substantial resources of the Debtors' estates and require substantial time to adjudicate. This Court has also found that the settlements have facilitated the creation and implementation of the Plan and benefit the creditors and equity holders of the Debtors.

32. <u>New Address</u>. From the date of this Confirmation Order, the new address for each of the Debtors, solely for purposes of notices and communications, is Haights Cross Operating Company, 136 Madison Avenue, 8th Floor, New York, NY 10016, Attention: Chief Financial Officer.

33. <u>Applicable Non-bankruptcy Law</u>. Pursuant to section 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan and related documents or

any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

34. <u>Waiver of Filings</u>. Any requirement under section 521 of the Bankruptcy Code or Bankruptcy Rule 1007 obligating the Debtors to file any list, schedule, or statement with the Court or the Office of the United States Trustee (except for monthly operating reports or any other post-confirmation reporting obligation to the United States Trustee), is hereby waived as to any such list, schedule, or statement not filed as of the Confirmation Date.

35. <u>Documents and Instruments</u>. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.

36. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

37. <u>Notice of Confirmation Order and Occurrence of Effective Date</u>. In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date, the Debtors shall serve notice of the entry of this Confirmation Order, substantially in the form annexed hereto as **Exhibit B**, to all parties who hold a Claim or Equity Interest in these cases, and also to the United States Trustee. Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Confirmation Order and the occurrence of the Effective Date.

38.     Substantial Consummation.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

39.     Inconsistency.  To the extent of any inconsistency between this Confirmation Order and the Plan, this Confirmation Order shall govern.

40.     Successor to the Debtors.  The Reorganized Debtors shall be deemed the successors of the Debtors under the Plan pursuant to section 1145(a) of the Bankruptcy Code.

41.     No Waiver.  The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

Dated:  Feb 24       , 2010
        Wilmington, Delaware

                                THE HONORABLE BRENDAN L. SHANNON
                                UNITED STATES BANKRUPTCY JUDGE